HEIDE v. UNITED STATES.

(Circuit Court, S. D. New York. November 13, 1909.)

No. 5,248.

1. CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—CLEAR ALMONDS—"CLEAR."
    In Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 269, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1651), the provision for "clear" shelled almonds refers to nuts that are practically and substantially free from shells, dust, and dirt, and after being divested of their outer covering are fairly free from that covering.

    [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.*

    For other definitions, see Words and Phrases, vol. 2, p. 1219.]

2. CUSTOMS DUTIES (§ 12*)—CONSTRUCTION—PROTECTIVE CHARACTER OF TARIFF ACT.
    Since the tariff is enacted on protective lines, it is proper to take into consideration, in construing the law, the fact that certain grades of an imported commodity are the only ones that come into competition with domestic products.

    [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 10; Dec. Dig. § 12.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, which is reported as G. A. 6,734 (T. D. 28,816), affirmed the assessment of duty by the collector of customs at the port of New York on importations of shelled almonds. These almonds contained from 2 to 5 per cent. of impurities. The importer contended that assessment should have been made under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 272, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652), instead of paragraph 269, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1651). The pertinent portions of these two paragraphs are as follows:

272. Nuts of all kinds, shelled or unshelled, not specially provided for in this act, one cent per pound.
269. * * * Clear almonds, shelled, six cents per pound.

Kammerlohr & Duffy (John G. Duffy, of counsel), for importer.
D. Frank Lloyd, Deputy Asst. Atty. Gen. (Thomas M. Lane, Asst. Counsel, of counsel), for the United States.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PLATT, District Judge. The only important question in this case is whether the merchandise in dispute is properly classified as "clear almonds, shelled," in paragraph 269 of the tariff act of 1897. What Congress meant by using the word "clear" in this paragraph, which it has omitted in the rest of the nut schedule, is, to speak humorously, the nut which we have to crack. The trade of the country has not helped us toward a solution. I think that Congress meant that the almond nuts should be practically and substantially free from shells, dust, and dirt—that is, I think it meant that the almonds, after being divested of their outer covering, should be fairly free from that covering.

Whether the reason for this was a desire to protect the almond industry of this country it is not for the court to say; but, since the tariff is enacted on protective lines, the fact that the finer grades of imported almonds are the only ones that come into competition with our local almonds, it is a proper fact to be taken into account in reaching a final conclusion. The board seems to have confined its attention to only one phase of the controversy, and that is whether Congress had in mind any peculiar and definite trade understanding in enacting paragraph 269. Beyond that they have not gone. If they had continued that reasoning, it seems to me that they would have found the merchandise carried away from the almond paragraph and put into paragraph 272, where I think it belongs.

I understand that this is the first time that the court has been called upon to pass upon the meaning of the word "clear" in this provision. That question was not presented in Spencer v. United States (C. C.) 143 Fed. 916 (T. D. 26,974), affirmed in 151 Fed. 1022, 82 C. C. A. 656 (T. D. 27,877), and the case can in no sense be considered as decisive of this.

The decision of the Board of General Appraisers is reversed.